UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL EUGENE SMITH,

    Plaintiff,

v.                                                  Case No.  5:21-cv-224-TKW-MJF

JULIE JONES., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Darrell Eugene Smith, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that Plaintiff's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

### I. Plaintiff's Complaint

Smith is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Desoto Correctional Institution Annex. Doc. 1 at 2. Smith's

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

complaint names two Defendants: Julie Jones, the former Secretary of the FDC; and M. Henry, the Warden of Graceville Correctional Facility. *Id*. at 2-3. Smith is suing the Defendants in their individual and official capacities for damages and injunctive relief. *Id*. Smith claims that the Defendants deprived him of procedural due process, in violation of the Fourteenth Amendment, when they failed to investigate and refer for criminal prosecution an assault on Smith by another inmate (Inmate William). *Id*. at 5-6, 9. Smith alleges the following facts to support his claims.

On July 24, 2015, Inmate William assaulted Smith by punching him in the face. *Id*. at 5. When correctional officers responded, Smith requested that he "be allowed to press charges" against Inmate William. *Id*. at 5. A prison official (Captain Weed) informed Smith that William "would indeed be charged with assault and battery pursuant to the Administrative Code." *Id*. at 6.

On June 14, 2016, Smith filed an informal grievance to the Warden's Office requesting that "outside" criminal charges be filed against Inmate William. In that grievance, Smith maintained that he had the "legal right" to "pursue charges" against William and was being denied that right. Doc. 1 at 7 & Ex. B. A prison official (Correctional Officer Heming) approved the informal grievance on January 20, 2016, stating: "Your case is being investigated by the OIG Office and they will notify you of the outcome." *Id*.

Smith filed another informal grievance on February 22, 2016, supplying information for the OIG investigation and complaining that he had not been contacted by an investigator. Doc. 1 at 7 & Ex. C. Correctional Officer Heming approved the grievance on March 10, 2016, stating: "Your concerns will be addressed by the FDOC OIG Office as they make the determination for outside criminal charges." *Id*.

On March 14, 2016, Smith filed two formal grievances to the Warden's Office complaining that he still had not been contacted by an investigator, and that he was being denied his "right" to "submit[ ] paper legal materials to the State Attorney's Office to file charges" against Inmate William. *Id*. at 8 & Ex. D. The grievances were returned without action. *Id*. at 8.

On May 9, 2016, Smith filed an appeal to the Office of the Secretary. *Id*. at 8 & Ex. E. The appeal was denied on June 1, 2016. *Id*. at 8.[2]

---

[2] Smith did not include a copy of the Secretary's response in his present complaint. Smith did, however, file a copy of the Secretary's response in a prior lawsuit he filed on August 29, 2016, in this District Court against the same Defendants based on the same claims and facts. *See Smith v. Jones, et al.*, No. 5:16-cv-246-MP-EMT (N.D. Fla. Aug. 29, 2016). The response, signed by A. Paynter, stated:

> Your appeal has been reviewed and evaluated. The subject of your grievance was previously referred to the Office Inspector General. It is the responsibility of that office to determine the amount and type of inquiry that will be conducted. This inquiry/review may or may not include a personal interview with you. Upon completion of this review,

Smith alleges that more than four years later, on December 14, 2020, and January 5, 2021, he wrote the OIG "concerning the two approved grievances," (i.e., the grievances approved by Officer Heming). *Id*. at 8 & Ex. F. The OIG construed Smith's letter as a public records request and advised him that he must make such a request through his classification officer. *Id*. at 8 & Ex. F.

Based on the foregoing allegations, Smith is suing Warden Henry and former Secretary Jones for violating his "right to redress" the assault through the filing of criminal charges. *Id*. at 9, ¶¶ 26, 27. Smith asserts that this right derives from the procedural due process clause of the Fourteenth Amendment. *Id*. at 8, ¶ 20. As relief, Smith seeks compensatory damages in the amount of $300 million for his "pain and suffering;" punitive damages in the amount of $75 million; and the following injunctive relief:

> A preliminary and permanent injunction ordering defendants Henry and Julie Jones to cease their ongoing violation and continue procedural due process and submit the paper for criminal charges to be filed related to the assault he received from the Assailant William in this case.

---

information will be provided to appropriate administrators for final determination and handling.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

*Smith v. Jones, et al.*, No. 5:16-cv-246-MP-EMT, Doc. 12 at 14 (N.D. Fla. Oct. 14, 2016).

*Id*. at 10.

## II. SCREENING STANDARD UNDER 28 U.S.C. §§ 1915A AND 1915(e)(2)

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that

the defendant acted unlawfully is insufficient. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming district court's *sua sponte* dismissal of prisoner's civil rights action because the affirmative defense of failure to exhaust administrative remedies appeared on the face of his complaint).

### III.  DISCUSSION

**A.    <u>Smith's Complaint Fails to State a Plausible Claim for Relief</u>**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Smith claims that he has a constitutionally-

protected "right to redress" the assault, and that the Defendants violated that right by failing to investigate and refer the assault to the State Attorney's Office for criminal prosecution.

Smith's claim fails as a matter of law, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (holding that inmates had no claim under 42 U.S.C. § 1983 against state correctional officials for influencing the state prosecutor to oppose arrest warrants for prison guards who beat the inmates; state correctional officials' actions did not violate any judicially cognizable rights of the inmates (relying on *Linda R.S., supra*)); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988). Because Smith has no judicially cognizable interest in the prosecution of Inmate William, he fails to state a plausible claim for relief under § 1983.

Similarly, Defendants' alleged lack of investigation does not state a plausible § 1983 claim for violation of the Constitution. A prison or other public official has no affirmative constitutional duty to a prisoner (or member of the public) to investigate an alleged crime. *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal police investigation of excessive force claim); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985)

(dismissing family's § 1983 claim against city and its employees alleging that inadequate police investigation of son's death infringed their right to due process; "Because the appellants have failed to state facts that constitute the infringement of a protected right, their § 1983 claim must necessarily fail."); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984); *see also, e.g.*, *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) ("Stringer . . . failed to state claims against the sheriff or deputy sheriff because Stringer did not have a substantive due process right to an internal investigation by the Sheriff's Department or law enforcement.").

Because Smith does not have a constitutionally-protected right at stake, he has failed to state a plausible claim for relief under § 1983. *See, e.g., Harder v. Hunter*, 572 F. App'x 904 (11th Cir. 2014) (dismissing § 1983 claim against sheriff for sheriff's failing to investigate or arrest private person who allegedly stole plaintiff's property and engaged in elder abuse; "Because Harder does not have a constitutionally protected property or liberty interest at stake, he has failed to state a due process claim under 42 U.S.C. § 1983." (citation omitted)).

**B.     It Is Apparent From the Face of Smith's Complaint That His Claims Are Barred by the Statute of Limitations**

An additional basis to dismiss this action is that an affirmative defense—the statute of limitations—appears on the face of Smith's complaint. "Following the Rule 12(b)(6) standard, the standard for statute of limitations pleading is whether a

plaintiff has pled 'sufficient factual matter, that, accepted as true,' would state that the plaintiff is within the applicable statute of limitations." *Johnson v. Culpepper*, No. 19-11565, 2021 WL 3778363, at *2 n.3 (11th Cir. Aug. 26, 2021) (quoting *Iqbal*, 556 U.S. at 678).

The statute of limitations for a section 1983 claim arising out of events occurring in Florida is four years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *see* Fla. Stat. § 95.11(3) (1991). The time at which the four years begins to run is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a section 1983 claim accrues—and the statute of limitations begins to run—when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citation and internal quotation omitted); *see also Wallace*, 549 U.S. at 388 ("[T]he standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action.").

The basis of Smith's claims against Henry and Jones is that they failed to ensure that the assault on Smith was investigated and referred to the State Attorney's Office for criminal prosecution. Even if this stated a plausible claim for relief under § 1983, Smith could have asserted the claim in mid-2016, when it became apparent to him that he had not been contacted by the OIG about the incident.

Smith's allegations and grievances demonstrate that he was assaulted on July 24, 2015; that during the year that followed, he grieved the fact that he had not been contacted by an investigator; and that he became aware on June 1, 2016, that Henry and Jones were taking no action on his grievances concerning the lack of investigation and referral for criminal charges. *See* Doc. 1 at 8.

In fact, as mentioned in footnote 2 above, Smith filed a civil rights action in this District Court on August 29, 2016, against Jones, Henry and other prison officials asserting the same claims he asserts here, and attaching the same grievances from 2015 and 2016. *See Smith v. Jones, et al.*, No. 5:16-cv-246-MP-EMT (N.D. Fla. Aug. 29, 2016); *see also Id.* at Doc. 12 (Notice of Filing Exhibits/Grievances).[3]

In a document signed by Smith on July 19, 2017, that was filed in his prior case, Smith stated:

> Plaintiff asserts the court that he discovered through his own investigation, by the record, th[at] prison officials never provided nor was such disclosed . . . any report or evidence of the incident, submitted

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of this prior lawsuit Smith filed in this District Court against the Defendants and others prison officials raising the same constitutional claims based on the same facts. "A district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged. In addition, a district court may consider judicially noticed documents." *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (citations omitted); *see also, e.g., Menut v. Fla. Comm'n on Offender Rev.*, 754 F. App'x 809, 811, n.2 (11th Cir. 2018) (district court properly considered, as part of its review under 28 U.S.C. § 1915(e)(2)(B), documents filed in plaintiff's state-court case).

> to the State Attorney Office for a determination of whether to bring charges, and this constitutes prison Warden misconduct of depriving Plaintiff his due process rights under U.S. Const., Fourteenth Amendments.
>
> The approval of the grievance was an intentional act committed in (bad faith) for an evil motive to misleads, and deceive plaintiff in the grievance proceeding, after it was approved, by not taking it any further of the requirements that is provide for them. This is a total disregard for the truth of the law, and to overlook this violation of the law.

*Smith v. Jones, et al.*, No. 5:16-cv-246-MP-EMT, Doc. 20 at 3-4, ¶¶ 10-11 (N.D. Fla. July 24, 2017). Smith voluntarily dismissed the prior lawsuit on August 15, 2017. *Id.* at Doc. 23 (Notice of Voluntary Dismissal); Doc. 24 (Order of Dismissal). Notably, Smith did not disclose this prior lawsuit in the complaint he filed in this case. *See* Doc. 1 at 12.

Smith recognizes the statute-of-limitations issue, and argues that his claims are timely under the continuing-violation doctrine. Doc. 1 at 8, ¶ 20 ("[T]his violation of Darrell's Constitution [sic] rights to procedural due process clause of the Fourteenth Amendment is a continue [sic] ongoing violation."). In support, Smith references the letters he wrote to the OIG on December 14, 2020, and January 5, 2021, and claims that this demonstrates that the deprivation of his procedural due process rights is "a continue ongoing violation." *Id.* at 8, ¶¶ 19-23.

The continuing-violation doctrine does not apply here, because "that doctrine is limited 'to situations in which a reasonably prudent plaintiff would have been

unable to determine that a violation had occurred.'" *Moore v. Fed. Bureau of Prisons*, 553 F. App'x 888, 890 (11th Cir. 2014) (quoting *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006)). Smith's prior lawsuit in 2016 demonstrates not only that his cause of action was complete and present more than four years before he filed this case on November 18, 2021, but also that he was aware of it and the facts supporting it. *See Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) ("[T]he statute of limitations begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights." (internal quotation marks omitted)). Put another way, Smith's prior lawsuit in 2016 forecloses him from arguing here that the facts giving rise to his due process claims were not known to him until 2020, or that he was unable to assert his claims within the limitations period.

It might be true, as Smith alleges, that the one-time violation of his "right to redress" continues to affect him by causing "pain and suffering." But a new act has not occurred every time Smith feels that continuing effect. *See Knight v. Columbus, Georgia*, 19 F.3d 579, 580-81 (11th Cir. 1994) (distinguishing the scenario in which a violation continues from the past into the present (*i.e.*, a "continuing violation"), from the scenario in which a discrete, one-time violation in the past continues to have effects into the future without itself remaining ongoing). Thus, the fact that

Smith has taken interest in vindicating his rights again, more than four years after he knew that the OIG had chosen not to pursue the matter further, does not change the fact that Smith's cause of action was "complete and present" more than four years before Smith filed this lawsuit.

This action, therefore, is subject to dismissal for the additional reason that it is barred by the statute of limitations. *See, e.g., Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009) (dismissing prisoner's § 1983 complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1), based on the statute of limitations).

## C. Amendment Would Be Futile

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, even a more carefully drafted complaint cannot state a plausible claim for relief under § 1983 for prison officials' failure to investigate the assault on Smith, failure to interview Smith, or failure to file "outside" criminal charges against Inmate William.

Because the deficiencies in Smith's § 1983 claims cannot be cured by amendment, this action should be dismissed without affording him an opportunity for a futile amendment of his complaint.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this <u>19th</u> day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**